IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JULIUS A. CHILDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:15-CV-485 |
| | ) |
| THE RICHARDSON-WAYLAND | ) |
| ELECTRICAL CORP. et al., | ) By: Robert S. Ballou |
| | ) United States Magistrate Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on Defendants' motion to strike portions of Plaintiff's complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Dkt. No. 10. Specifically, Defendants ask the court to strike Paragraphs 15 through 18 of the complaint because these paragraphs are immaterial and unfairly prejudice Defendants. This is an employment discrimination case in which Julius Childress ("Plaintiff") claims that his former employer ("Defendants") discriminated and retaliated against him based on his race.

The court **DENIES** Defendants' motion to strike because the allegations in the complaint are not wholly immaterial and unrelated to Plaintiff's claims, and because they do not cause Defendants significant undue prejudice.

### Background

According to his complaint, Plaintiff is a twenty-eight-year-old African American man. He began working for Defendants in July of 2013 and claims he was forced to resign on August 12, 2014, as a result of race-based harassment and a hostile work environment. Plaintiff believes

he was one of only four African American men who worked for Defendants during his term of employment. In addition to claiming he was paid less than his Caucasian co-workers, Plaintiff states his co-workers made offensive racial remarks to him. Plaintiff claims that he was constructively terminated when he complained about the harassment and discrimination from his co-workers and supervisors.

Defendants seek to strike Paragraphs 15 through 18 of the Complaint which include allegations related to another former employee, Julian L. Hampton ("Hampton"), who sued Defendants for racial discrimination and a hostile work environment leading to his constructive termination in 2007 based on his status as an African American man. Paragraphs 15 through 18 detail extensive allegations of discriminatory activity Hampton was subjected to as Defendants' employee.

Defendants contend that these paragraphs are immaterial because they relate to allegations which occurred more than six years before Plaintiff began his employment with Defendants, that the Hampton case involved different co-workers and supervisors, and that the circumstances in Hampton's case are "far different" from what Plaintiff alleges happened in his case. Defendants claim they will be prejudiced if the entire complaint is submitted to a jury.

Plaintiff responds that the paragraphs at issue are relevant to the case because evidence that shows how employees treated each other is relevant to another employee's hostile work environment claim. Such evidence tends to show that the behaviors are not isolated incidents relating only to a single employee. Additionally, these facts would tend to disprove Defendants' defense that they did all they could do to prevent racial harassment in the workplace and that they exercised reasonable care to prevent and correct any discriminatory behavior. Finally, Plaintiff agrees that the Complaint is not admissible as evidence at the trial of this action.

## Analysis

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions under this Rule are timely if they are filed before responding to the pleading at issue. Fed. R. Civ. P. 12(f)(2).[1] Courts have broad discretion in disposing of motions to strike; however, such motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001), (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). Motions to strike are proper "where the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Bandy v. Advance Auto Parts, Inc., No. 7:11-CV-00365, 2012 WL 831027, at *2 (W.D. Va. Mar. 6, 2012) aff'd, 535 F. App'x 260 (4th Cir. 2013) (citing Bailey v. Fairfax County, No. 1:10–cv–1031, 2010 WL 5300874, *4 (E.D. Va. Dec. 21, 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004))). Accordingly, a party who moves to strike a portion of a pleading has a "high burden." Vance v. Potter, No. CIV.A. 5:05CV00013, 2006 WL 467981, at *1 (W.D. Va. Feb. 28, 2006).

In the context of this case, a motion to strike under Rule 12(f) has two requirements: (1) that the material to be stricken has "no possible relation or logical connection to the subject matter of the controversy" and (2) the material "may cause some form of significant prejudice to one or more of the parties to the action." Bandy, 2012 WL 831027, at *2. Plaintiff's allegations

---

[1] When a motion to strike a complaint is filed contemporaneously with an answer, it is deemed timely. Chapman v. Duke Energy Carolinas, LLC, No. 3:09-CV-37RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009). In this case, Defendants' filed both the motion to strike and their answer to the complaint on November 20, 2015.

about Hampton's similar experiences with the same employer are related to his claim for relief (i.e. his claim of a hostile work environment) and to the defenses raised by Defendants in their answer (i.e. that they did everything they reasonably could to prevent racial discrimination and harassment). Accordingly, I find that Paragraphs 15 through 18 of the complaint do relate to the subject matter of this case.

Defendants have primarily focused their arguments regarding prejudice on the possibility that Plaintiff would offer the complaint into evidence at trial and that the jury would see the Hampton allegations. Plaintiff has agreed that the complaint is not admissible in evidence – a concession that Defendants agree cures any prejudice caused by the allegations in Paragraphs 15 through 18. Thus the paragraphs are unlikely to cause significant prejudice to Defendants.

## Conclusion

For the foregoing reasons, I **DENY** Defendants' motion to strike Paragraphs 15 through 18 of the complaint, and further, by agreement of the parties exclude from evidence the complaint and any amendments thereto.

Entered: January 25, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge